# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joseph Anthony Favors,

        Plaintiff,

v.

Tony Lourey, et al.,

        Defendants.

Case No. 19-cv-2094 (JRT/TNL)

**ORDER**

      Plaintiff Joseph Anthony Favors, a client of the Minnesota Sex Offender Program ("MSOP"), has filed suit against several individuals alleging violations of both federal and state law. Favors has filed a letter requesting that the Court appoint "through the Pro Se Project an Advisory Council to assist [Favors] in this case." (ECF No. 33). The Court will deny that request.

      "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Instead, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to

determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

Favors states that he "has no experience whatsoever with any federal or state case, especially huge like this one." (ECF No. 33, p. 2). He describes himself as "a blind man in a fist fight, just guessing what laws apply, what to file, where to get it, and have the time to do it." (*Id.*). He further notes that all the defendants in this case have the benefit of counsel. (*Id.*).

Favors's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. *See Ward*, 721 F.3d at 943. He has filed more than 10 cases pro se since 2010.[1] The Complaint is over 60 pages long. It refers to specific state and federal statutes, state and federal constitutional provisions, and state administrative rules. These documents also include citations to and a discussion of a multitude of legal authorities. Favors's history of pro se litigation and the extensive Complaint filed in this case demonstrate that his access to the Court is not impeded. Moreover, the factual and

---

[1] *Favors v. Ludeman et al.*, No. 10-cv-3747 (JRT/LIB) (filed August 25, 2010); *Favors v. Fabian et al.*, No. 12-cv-2634 (JRT/LIB) (filed October 15, 2012); *Favors v. Jesson et al.*, No. 13-cv-108 (JRT/LIB) (filed January 10, 2013); *Favors v. Hoover et al.*, No. 13-cv-428 (JRT/LIB) (filed February 21, 2013); *Favors v. Jesson*, No. 14-cv-3473 (JRT/LIB) (filed September 17, 2014); *Favors v. Seavey et al.*, No. 14-cv-3518 (JRT/LIB) (filed September 18, 2014); *Favors v. Jesson et al.*, No. 15-cv-2853 (JRT/LIB) (filed June 29, 2015); *Favors v. Jesson*, No. 15-cv-3010 (JRT/LIB) (filed July 8, 2015); *Favors v. Chase Bank et al.*, No. 18-cv-3187 (JNE/LIB) (filed November 15, 2018); *Favors et al. v. Piper et al.*, No. 18-cv-3282 (JRT/SER) (filed November 29, 2018); *Favors v. Chase Bank*, No. 18-cv-3303 (JNE/LIB) (filed November 30, 2018); *Favors v. Johnson, et al.*, No. 19-cv-32 (PJS/TNL) (filed January 4, 2019); and *Favors v. First Premier Bank, et al.*, 19-cv-2507 (ECT/LIB) (filed September 12, 2019). *See also Favors v. Comenity Capital Bank*, No. 18-cv-1857 (JNE/LIB) (removed to federal court on July 2, 2018).

legal issues underlying this litigation do not appear any more complex than other civil-rights matters routinely brought before this Court.

In addition, as the Court previously explained to Favors, *see Favors v. Johnson, et al.*, 19-cv-32 (ECF No. 7), the Eighth Circuit Court of Appeals has recently considered whether the district court abused its discretion by denying a prisoner's request for appointment of counsel in a Section 1983 action. In *Patterson v. Kelley*, 902 F.3d 845 (8th Cir. 2018), a prisoner argued that counsel should have been appointed because: (1) "as an inmate, he was unable to interview witnesses and secure relevant information"; (2) "his inartfully worded interrogatories allowed defendants to give evasive answers"; and (3) "'this [wa]s complex litigation' requiring the assistance of counsel because the case involve[d] administrative regulations and government funding issues." *Patterson*, 902 F.3d at 850.

The Eighth Circuit held that "[n]one of these grounds are sufficient to show an abuse of discretion" by the district court. *Id.* The Eighth Circuit also observed that, "given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do." *Id.* Though Favors is not a prisoner, the Eighth Circuit's reasoning is persuasive here. For all the reasons stated above, the Court will deny Favors's request for appointment of advisory counsel through the Pro Se Project of the Minnesota Chapter of the Federal Bar Association.

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Favors's request for appointment of advisory counsel through the Pro Se Project of the Minnesota Chapter of the Federal Bar Association (ECF No. 33) is **DENIED WITHOUT PREJDUICE**.

2. The Clerk of Court shall provide Favors with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Favors who are representing themselves.

Date: December 13, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Favors v. Lourey, et al.*
Case No. 19-cv-2094 (JRT/TNL)