## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Anthony Favors, | Case No. 19-cv-2094 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tony Lourey, et al., | |
| Defendants. | |

Joseph Anthony Favors, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082 (pro se Plaintiff); and

Nicholas Walker Anderson, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101 (for Defendants).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants' Motion to Dismiss (ECF No. 19) and Defendants' Renewed Motion to Dismiss. (ECF No. 36). These motions have been referred to the undersigned for a report and recommendation to the Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the Motion to Dismiss be **DENIED AS MOOT** and that the Renewed Motion to Dismiss be **GRANTED** for the reasons set forth below.

**I. BACKGROUND**

Favors is civilly committed to the Minnesota Sex Offender Program ("MSOP"). (ECF No. 35, p. 4). On August 2, 2019, he filed a lawsuit alleging several claims related to his treatment and commitment at MSOP. (ECF No. 1). Defendants moved to dismiss the lawsuit. (ECF No. 19). Favors timely amended his complaint in response. (ECF Nos. 35 and 44). Defendants then moved to dismiss the amended lawsuit on January 2, 2020. The Court took matter under advisement following the completion of briefing without a hearing.

In the operative complaint, Favors seeks relief under both 42 U.S.C. § 1983 and 42 U.S.C. § 1988. (ECF No. 35, pp. 39-47). He identifies 12 "claims" for relief under each cause of action. (*Id*.). He has named 12 individuals as defendants. He seeks monetary relief against all Defendants in their individual capacities. (*Id*., p. 56).

**II. FIRST MOTION TO DISMISS**

Defendants moved to dismiss the first complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 19). Because Favors has timely amended his complaint, this motion is now moot. The Court therefore recommends that this motion be denied.

**III. SECOND MOTION TO DISMISS**

Defendants have also moved to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6). (ECF No. 36). The Court need not reach this issue. Because the amended complaint does not comply with Federal Rule of Civil Procedure 8, the Court will recommend that it be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. American Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cr. 2016) (citation omitted).

Favors's complaint does not comply with this standard. Favors does not identify what factual allegations support which claims. Nor does he attempt to identify what claims he raises against which Defendants. Take the first cause of action, brought under 42 U.S.C. § 1983. Favors appears to allege that this claim relates to violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. In support of this claim, he incorporates "Paragraphs 1 through 1090 . . . herein by reference as though fully set forth." (ECF No. 35, p. 39). He then alleges that "Defendants *Lourey, Piper, Jesson, Harpstead, Johnston, Hebert, Puffer, Beavens, et al* . . . violated Plaintiff's Constitutional rights under the Eighth and/or Fourteenth Amendments to the United States Constitution through his/her '*deliberate indifference/reckless disregard*' resulting in the following federal Statutes and United States Constitutional violations against Favors[.]" (ECF No. 35, pp. 39-40) (alternations in original). He then alleges a series of subclaims. By way of example, two are listed below:

3

> ***CLAIM THREE:*** *Deprivation of "Safe Conditions of Confinement" in violation of the Eighth and/or Fourteenth Amendments to the United States Constitution.*
>
> ***CLAIM SEVEN:*** *Deprivation of freedom from "Imposition of penalties or conditions that are plainly arbitrary and oppressive in violation of the Due Process Clause" To The United States Constitution.*
>
> At the time relevant to this case, it had long been established [almost one-hundred (100) years ago] by the United States District Court on November 13, 1922 that quote: *"The imposition of penalties or conditions that are plainly arbitrary and oppressive, and 'violate the rudiments of fair play' insisted on in the 14th Amendment, will be held to infringe it."* Here, Favors has alleged in this Complaint several claims that demonstrate *"arbitrary and oppressive"* penalties and conditions.

(*Id.*, pp. 40-41) (alterations in original) (footnotes omitted). Favors's second claim, brought under 42 U.S.C. § 1988, is organized in a similar fashion.

As written, Favors has done nothing more than allege a series of claims against several Defendants, and then attempted to support those claims by citing generally to more than 1000 lines of allegations. *See Liggins v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990) (explaining such pleadings violate Rule 8). His complaint also contains more than 100 footnotes, lengthy quotations from judicial opinions, and extensive citations to legal authorities. None of these things are necessary in a properly pled complete. Fed. R. Civ. P. 8(a)(2). Favors need only explain why the Court has jurisdiction, what he believes has happened to him, and why he is entitled to relief.

"[S]hotgun" pleadings like these have a number of consequences. *See Gurman*, 842 F. Supp. 2d at 1153. They unfairly burden courts and defendants, who have to determine

4

what claims are genuine and what are meritless; they harm other parties by wasting judicial resources; and they impair "the very plaintiffs who bring [those complaints]" by undermining any viable legal claim they may have. *Id.* at 1153-54. In short, these types of pleadings make it difficult, if not impossible, for the Court to provide the meaningful consideration that they deserve.

Furthermore, dismissal is appropriate under Rule 8 because Favors fails to explain in his claims for relief what each individual Defendant did that violated the law or what factual allegations could support that claim. As a result, for the Court to analyze the amended complaint properly, the Court would need to review each claim, determine what factual allegations supported each such claim, and identify which of the 12 Defendants could possibly be liable for that claim. *See Liggins*, 749 F. Supp. at 971 (stating that shotgun pleadings leave to the Court "to divine what discrete constitutional violations are in fact legitimate and proper . . . against each defendant," and then "ferret out and dismiss those alleged constitutional violations that patently cannot be maintained"). *See also Beck v. LaFleur,* 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because the plaintiff "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Not only does this "disrupt[] the orderly processing of legitimate claims," *Liggins*, 749 F. Supp. at 971, it forces the Court to act as an advocate for Favors by crafting a complaint for him with viable causes of action. The Court cannot take on this role. *See Gurman*, 842 F. Supp. 2d at 1153 (explaining that it is the plaintiff's burden to "plead . . . claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them); *Machen v. Iverson*, No. 11-cv-1557, 2012

5

WL 566977, at *15 (D. Minn, Jan. 23, 2012) (noting that, even with the deference granted to pro se parties, a court may not adopt the role of advocate for the pro se litigant), *report and recommendation adopted by* 2012 WL 567128 (D. Minn. Feb. 21, 2012). Accordingly, the Court finds that, as filed, the operative complaint does not comply with Rule 8.

Because Favors is a pro se litigant, the Court would normally recommend that he receive another opportunity to amend his complaint before the matter be dismissed. *See Gurman*, 842 F. Supp. 2d at 1154 (permitting amendment of complaint that did not comply with Rule 8). In this case, however, the Court will not do so for two reasons. First, Favors has already amended his complaint once in response to Defendants' motion to dismiss. The Court will not reward his "repeated failure to cure deficiencies by amendments previously allowed" by giving him yet another opportunity to submit a revised complaint. *Shukh v. Seagate Tech., LLC*, 873 F. Supp. 2d 1087, 1093 (D. Minn. 2012) (citation omitted). Second, this is not the first time Favors has filed a complaint in this District. By the Court's count, he has initiated at least 10 cases in the past 10 years.[1] In at least two of those cases, the matter was dismissed because Favors either failed to comply with Rule 8 or identify specific acts or omissions that could be attributed to each individual Defendant. *See Johnson*, No. 19-cv-32 (ECF Nos. 12 and 13) (dismissing complaint for failure to comply

---

[1] *Favors v. Ludeman, et al.*, No. 10-cv-3747 (JRT/LIB) (filed August 25, 2010); *Favors v. Fabian et al.*, No. 12-cv-2634 (JRT/LIB) (filed October 15, 2012); *Favors v. Jesson et al.*, No. 13-cv-108 (JRT/LIB) (filed January 10, 2013); *Favors v. Hoover et al.*, No. 13-cv-428 (JRT/LIB) (filed February 21, 2013); *Favors v. Jesson*, No. 14-cv-3473 (JRT/LIB) (filed September 17, 2014); *Favors v. Seavey et al.*, No. 14-cv-3518 (JRT/LIB) (filed September 18, 2014); *Favors v. Jesson et al.*, No. 15-cv-2853 (JRT/LIB) (filed June 29, 2015); *Favors v. Jesson*, No. 15-cv-3010 (JRT/LIB) (filed July 8, 2015); *Favors v. Chase Bank et al.*, No. 18-cv-3187 (JNE/LIB) (filed November 15, 2018); *Favors et al. v. Piper et al.*, No. 18-cv-3282 (JRT/SER) (filed November 29, 2018); *Favors v. Chase Bank*, No. 18-cv-3303 (JNE/LIB) (filed November 30, 2018); *Favors v. Johnson, et al.*, No. 19-cv-32 (PJS/TNL) (filed January 4, 2019); and *Favors v. First Premier Bank, et al.*, 19-cv-2507 (ECT/LIB) (filed September 12, 2019). *See also Favors v. Comenity Capital Bank*, No. 18-cv-1857 (JNE/LIB) (removed to federal court on July 2, 2018).

with Rule 8); *Favors v. Fabian*, No. 12-cv-2634, 2012 WL 6138706, at *2 (D. Minn. Nov. 2, 2012) ("Indeed, Plaintiff has not described any Defendant's 'own individual actions' of any kind."), *report and recommendation adopted by* 2012 WL 6138994 (D. Minn. Dec. 11, 2012). Favors is therefore well aware of the requirements of Rule 8. The fact that, despite this extensive experience, he still refuses to file pleadings that comply with Rule 8 does not justify another attempt at amendment. The Court will therefore recommend the matter be dismissed without prejudice. *See Olson v. Little*, 978 F.2d 1246 (8th Cir. 1992) (table) (affirming the district court's sua sponte dismissal of a complaint under Rule 8).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 19) be **DENIED AS MOOT**.

2. Defendants' Renewed Motion to Dismiss (ECF No. 36) be **GRANTED** and the operative complaint (ECF No. 35) be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8.

Date: March 2, 2020                              *s/ Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota

                                                 *Favors v. Lourey, et al.*
                                                 Case No. 19-cv-2094 (JRT/TNL)

## **NOTICE**

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).