UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSEPH ANTHONY FAVORS,<br><br>                  Plaintiff,<br><br>v.<br><br>TONY LOUREY, EMILY JOHNSON PIPER, LUCINDA JESSON, DENNIS BENSON, JULIANNA L. BEAVENS, SCOTT HALVERSON, JAMES BACKSTROM, KEITH ELLISON, MARK DAYTON, TIM WALTZ, KEVIN MOSER, PETER PUFFER, JEANNINE HEBERT, BRYAN LAKE, (SOMEBODY) UJIFUSA, (SOMEBODY) DONNAY, THE STATE OF MINNESOTA, NANCY JOHNSTON, JODY HARPSTEAD, *in their Individual and Official Capacities and their successors in interest.*<br>                  Defendants. | Civil No. 19-2094 (JRT/HB)<br><br><br>**MEMORANDUM OPINION AND ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

---

Joseph Anthony Favors, St Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, *pro se*.

Brandon L. Boese & Nicholas Walker Anderson, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, Anna Light & Helen R. Brosnahan, **DAKOTA COUNTY ATTORNEY'S OFFICE,** 1560 Highway 55, Hasting, MN 55033, for Defendants.

Plaintiff Joseph Anthony Favors objects to the Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendants' Renewed Motion to Dismiss

be granted without prejudice and, instead, requests that he be referred to the Pro Se Project and given an opportunity to amend his complaint.

On de novo review, the Court will sustain Favors's objection and grant his request for referral to the Federal Bar Association's Pro Se Project and for leave to amend. The Court notes that a referral to the Pro Se Project does not guarantee that the Defendant will receive legal assistance from the Project and if the Defendant's Complaint continues to be incompliant with Rule 8, the Court is unlikely to grant additional leave. Accordingly, the Court will overrule the Magistrate Judge's R&R to the extent it recommends dismissal of Favors's complaint without prejudice.

## BACKGROUND

Favors brought this action against Defendants alleging various violations of federal and state law, including 42 U.S.C. § 1983, relating to his commitment in the Minnesota Sex Offender Program ("MSOP"). (*See generally*, Compl., Aug. 2, 2019, Docket No. 1.). Defendants subsequently filed a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). (Mot. to Dismiss, Nov. 22, 2019, 2020, Docket No. 19.)

On December 5, 2020, Favors filed with the court a letter requesting that the Magistrate Judge recommend him to the Pro Se Project of the Minnesota Chapter of the Federal Bar Association (the "Project") so that he could obtain an advisory attorney to assist him with his case. (Pls.' Letter at 1, Dec. 5, 2020, Docket No. 33.) Favors noted that

an attorney had agreed to assist him if requested by the Project or by the court. (*Id.* at 2.)

On December 13, 2020, the Magistrate Judge denied without prejudice Favors's request for appointment of an attorney. (Order at 1, Dec. 13, 2019, Docket No. 34.) The Magistrate Judge found that this case did not warrant the Court's exercise of a discretionary authority because Favors had demonstrated an ability to proceed in pro se litigation in prior cases as well as in the present action. (*Id.* at 1–2.)

On January 2, 2020, Defendants filed a renewed motion to dismiss (Docket No. 36.) following the timely amendment of Favors' complaint (Docket No. 35). The Magistrate Judge then issued a R&R on Defendants' Renewed Motion, recommending that the Court dismiss Favors's claims because his complaint failed to comply with Federal Rule of Civil Procedure 8's mandate that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (R&R at 2, Mar. 2, 2020, Docket No. 48.) The R&R noted that Favors' 57-page complaint included unnecessary citations and lengthy quotations, and that "Favors need only explain why the Court has jurisdiction, what he believes has happened to him, and why he is entitled to relief." (*Id.* at 4.)

The Magistrate Judge declined to recommend that Favors be afforded an additional opportunity to amend his complaint because (1) Favors had already been afforded such leave, and (2) Favors had previously filed complaints in this District in at

least 10 cases, several of which were dismissed for similar pleading deficiencies.  (*Id.* at 6.).

On March 16, 2020, Favors filed a Motion for Leave to Amend and for Legal Assistance from the Pro Se Project, which the Court will construe as an objection to the R&R.  (Mot. for Leave to Amend, Mar. 16, 2020, Docket No. 51.).

## DISCUSSION

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(b), a party may seek review of a Magistrate Judge's R&R on a dispositive motion by objecting within fourteen days of being served with a copy of the recommendation.  Upon review, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." D. Minn. LR 72.1(b). The Court may then accept, reject, or modify the recommended disposition.  *Id.*

### II. FAVORS'S OBJECTIONS

Favors argues the Magistrate Judge erred by failing to refer his case to the Pro Se Project and by denying him additional leave to amend.  Favors points out that similar cases have been referred to the Pro Se Project. (*See, e.g.*, ECF No. 18-cv-3447, *Garry v. Johnston, et. al.*, Letter Referring Litigant, Jan. 4, 2019, Docket No. 7.)

In civil rights matters, courts have discretionary authority pursuant to 28 U.S.C. § 1915 to request counsel for a pro se party. *Henderson v. Minn.,* 19-cv-135 (MJD/ECW), 2019 WL 2223950, at *2 (D. Minn. May 23, 2019), *citing Mosby v. Mabry,* 697 F.2d 213, 214 (8th Cir. 1982). In determining whether to exercise that discretion, the factors a court should consider include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Henderson,* 2019 WL 2223950, at *2, *citing Phillips v. Jasper County Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

The Magistrate Judge initially denied Favors's request that the Court refer him to an advisory attorney through the Pro Se Project, claiming Favors had proven his ability to conduct litigation on his own, without counsel, in previous actions as well as the current action. The Magistrate Judge noted that referral to the Pro Se Project was unwarranted because "Favors's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure." (Order at 2.)

Later, in its R&R, the Magistrate Judge declined to recommend that Favors be afforded leave to amend his complaint because (1) he had already utilized an opportunity to amend his complaint and failed on that occasion to correct the deficiencies, and (2) he had filed similarly deficient complaints in prior actions.

It appears the Magistrate Judge cited the same evidence of Favors's pro se litigation experience to conclude, on different occasions, that Favors is both too capable to be referred to the Pro Se Project, but also incapable of meeting basic pleading requirements. The Court finds it difficult to reconcile these conclusions regarding Favors's ability to proceed in litigation pro se.

It seems clear, from both this action and Favors's prior insufficient pleadings, that "the ability of the indigent person to present the claims" alone weighs heavily in favor of Favors being referred to the Pro Se Project. *Henderson,* 2019 WL 2223950, at *2 (internal citation omitted). And although it creates no obligation on the Magistrate Judge or the Court to rule in a similar manner, it is true that comparable cases have been referred to the Pro Se Project.[1]

Accordingly, on de novo review, the Court will sustain Favors's Objection to the extent he seeks leave to amend his deficient complaint, and will refer Favors to the Pro Se Project so that he may seek assistance of a volunteer attorney to help him adequately address the deficiencies in his complaint. The Court notes that it is only referring Favors

---

[1] *See Zelenak v. Larson*, No. 15–cv–3315 (PJS/TNL), 2016 WL 6584926, at *4 (D. Minn. Oct. 6, 2016) ("[B]ecause it appears that Plaintiff may not be able to cure all of the shortcomings of her current pleading [over 500 page-long complaint] without legal assistance, the Court will also refer Plaintiff to the FBA's Pro Se Project."); *Gary v. Johnston*, No. 18-cv-3447 (WMW/TNL), 2019 WL 1746316, at *2 (D. Minn. Apr. 18, 2019) (granting plaintiff in a similar case an extension of time to file his complaint to allow him to confer with the Pro Se Project); *Spotswood v. Wash. Cty., Minn.*, No. 19-cv-1331 (MJD/ECW), 2020 WL 133323, at *7 (D. Minn. Jan. 13, 2020) (granting plaintiff's motion for referral to Pro Se Project and allowing plaintiff to file a second amended complaint).

to the Pro Se Project to seek assistance, not guaranteeing such assistance will be given.  If the Project does not provide assistance and/or if Favors's Second Amended Complaint continues to be incompliant with the Federal Rules, the Court is unlikely to grant Favors's additional leave to amend.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Favors's Motion for Leave to Amend and Legal Assistance from the FBA, which the Court reads as an Objection to the R&R, [Docket No. 51] is **SUSTAINED**. Favors case will be referred by separate correspondence issued by the Magistrate Judge to the Pro Se Project.

2. The Magistrate Judge's Mar. 2, 2020 Report and Recommendation [Docket No. 48] is **ADOPTED in part** as follows:
    a. The R&R is adopted to the extent that it recommended that the Court find that Favors' Amended Complaint failed to comply with Rule 8(a)(2);
    b. The R&R is not adopted to the extent that it recommended dismissal without prejudice.  The Court will grant Favors thirty days from the date that the Magistrate Judge issues the referral letter to Pro Se Project for Favors to amend his complaint.

DATED:  August 25, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court